IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SHARON PIPES, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>JOHNSON & JOHSON, et al., )<br>      Defendants. ) | CASE NO. CJ-2017-3487 |

## JOURNAL ENTRY

This matter comes before me for hearing on this 22nd day of February, 2019, upon Defendants' Motion to Exclude Plaintiff's Expert, **Jacqueline Moline, MD.** The Court, having reviewed the pleadings, heard the arguments of counsel, and being fully advised in the premises, finds that "it is common that medical experts often disagree on diagnosis and causation, questions of conflicting evidence must be left for the jury's determination." *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968, 976 (8th Cir. 1995). Defendants will cross examine the witness about the validity of her opinions.

However, the Court further finds that the witness may not discuss the forty (40) other patients or her opinion on their cases. The Court finds that the witness may, in a general manner, discuss that she has dealt with other patients and that it was one component on which she based her opinion. The fact that other people may have suffered the same disease as Plaintiff is not relevant to the issues in this case. 12 OS §2401. Those issues are: 1) whether a defect existed in the product, 2) which created an unreasonable danger for this Plaintiff, and 3) which caused injury to this Plaintiff. *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Exclude the Plaintiff's Expert, Jacqueline Moline, MD, is GRANTED IN PART/DENIED IN PART.

DONE this 25th day of February, 2019.

_____
JUDGE OF THE DISTRICT COURT
SUSAN C. STALLINGS