MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
————
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
JENNIFER P. MONTAN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

October 16, 2023

**VIA ECF**

Honorable Georgette Castner, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re: *LTL Management LLC v. Dr. Jacqueline M. Moline*
          Case No. 3:23-cv-02990-GC-DEA

Dear Judge Castner:

      Defendant, Dr. Jacqueline M. Moline ("Dr. Moline"), respectfully submits this letter in response to the sur-reply of Plaintiff, LTL Management LLC ("LTL")—which was filed without leave of Court[1]—in further opposition to Dr. Moline's pending motion to dismiss the Complaint for failure to state a claim on which relief can be granted (the "Sur-Reply").

---

      [1] For this reason, the Court need not even consider the Sur-Reply. As now-Chief Judge Bumb made clear in *J.L. v. Harrison Twp. Bd. of Education*, 2016 U.S. Dist. LEXIS 110478 (D.N.J. Aug. 19, 2016), this Court has not adopted F.R.A.P. 28(j) or any other rule authorizing the submission of a notice of supplemental authority. *Id.* at *49 As a result, it is appropriate for parties to seek "leave of court either via the filing of a formal motion or an informal request for leave to file such a notice." *Id.* In the years since *J.L.* was decided, parties—including a Johnson & Johnson subsidiary—have typically sought leave of court before submitting supplemental authority. *See, e.g.*, *Nahas v. Shore Medical Center*, 2021 U.S. Dist. LEXIS 134853 (D.N.J. Jul. 20, 2021); *Hernandez v. Johnson & Johson Consumer, Inc.*, 2020 U.S. Dist. LEXIS 87654 (D.N.J. May 19, 2020); *Hubbard v. Comcast*, 2020 U.S. Dist. LEXIS 128113 (D.N.J. Jul. 21, 2020); *Lemoine v. Empire Blue Cross Blue Shield*, 2018 U.S. Dist. LEXIS 62535 (D.N.J. Apr. 12, 2018). And as Judge Dickson explained in *Gonzalez v. Lyft*, "the fact some judges in this District have, in the interest of efficiency and developing the most fulsome record possible, accepted notices of supplemental authority submitted without leave of court, that does not mean that they *have* to, or that all judges will. When parties submit additional briefing without leave of Court, they do so at their peril." 2020 U.S. Dist. LEXIS 231790, at *1 n.1 (D.N.J. Oct. 13, 2020) (emphasis in original). Dr. Moline submits this response in the event the Court chooses to accept the Sur-Reply.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW
Honorable Georgette Castner, U.S.D.J.
October 16, 2023—Page 2

In its Sur-Reply, LTL claims that the New Jersey Appellate Division's recent decision in *Barden v. Brenntag North America, Inc.*, Dkt. No. A-0047-20, 2023 N.J. Super. Unpub. LEXIS 1624 (App. Div. Oct. 3, 2023), "provides additional reasons why Defendant's pending motion to dismiss . . . should be denied." (ECF No. 31 at 1.)  LTL could not be more wrong.  *Barden* held that the trial court failed to conduct a proper inquiry into the *reliability* of Dr. Moline's methodology and underlying data.  In so doing, *Barden* embraced the precise distinction between "reliability" and "verifiability" of a scientific opinion that animated the Third Circuit's rejection of a reliability challenge in *Pacira Biosciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 247 (3d Cir. 2023), on which Dr. Moline relies.  As *Pacira* explained that distinction, "[v]erifiability turns on whether a statement is 'capable of . . . truth or falsity,'" *id.*, citing *Ward v. Zelikovsky*, 643 A.2d 972 979 (N.J. 1994), "while reliability turns on whether the basis for the statement is capable of being trusted.  Pacira's allegations boil down to disagreements about the reliability of the methodology and data underlying the statements."

So too LTL's.  In *Barden*, the Appellate Division reversed a jury verdict that found certain Johnson & Johnson companies liable for causing mesothelioma by selling asbestos-containing products to plaintiffs.  In so ruling, the panel held that the trial court failed to perform its gatekeeping function with respect to three experts, including Dr. Moline.  Specifically, the panel faulted the trial court for failing to assess Dr. Moline's "methodology and underlying data in forming her opinion" and to make "legal determinations of reliability" about her methodology. *Barden*, 2023 N.J. Super. Unpub. LEXIS 1624, at *26-27 (ECF No. 31 at 29-30).  From that determination, LTL asks this Court to conclude that Dr. Moline's "widely-disseminated assertions about LTL's cosmetic talcum powder are *not science*, they are baseless conclusions lacking factual or scientific foundation."  (ECF No. 31 at 2.)

*Barden* supports no such conclusion.  The *Barden* Court did not state or suggest that Dr. Moline drew her conclusions from falsified or fraudulent data.  Rather, it found error in the trial court's failure to make a legal determination about the *reliability* of her methodology before allowing the jury to hear her testimony.  *Barden*, 2023 N.J. Super. Unpub. LEXIS 1624, at *26-27 (ECF No. 31 at 29-30).  As the seminal teaching of *Pacira* is that questions of reliability, as opposed to verifiability, *cannot* form the basis of a claim for trade libel or defamation, *Pacira*, 64 F.4th at 247-48, *Barden confirms* that LTL's claims are not well made and that its Complaint should therefore be dismissed with prejudice.

To the extent LTL believes Dr. Moline's scholarship in peer-reviewed journals is based on unreliable methods and reached unsupported conclusions, it is free to conduct its own research and publish its own competing conclusions, then let the scientific community decide.  *Pacira*, 64 F.4th at 248 ("Pacira's critiques about the Articles' data and methodology may be the basis of future scholarly debate, but they do not form the basis for trade libel under New Jersey law.").  Similarly, to the extent LTL believes Dr. Moline's expert litigation opinions are based on unreliable methods or that her conclusions are unsupported, *Barden* demonstrates that LTL is free to challenge the admissibility of those methods and conclusions at trial and on appeal.  In other words, *Barden* shows the system working precisely as it should.  Disagreements about expert opinions are appropriate for motions in litigation or competing scholarship outside of litigation.  But critiques

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW
Honorable Georgette Castner, U.S.D.J.
October 16, 2023—Page 3

about data and methodology should not give rise to lawsuits for trade libel under any circumstance. For these reasons, *Barden* supports dismissal of LTL's Complaint.

Thank you for considering this submission.

Respectfully submitted,

Kevin H. Marino

cc:   All counsel of record