# MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: khmarino@khmarino.com
*OF COUNSEL

December 23, 2025

**VIA ECF**

Honorable Georgette Castner, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:  *LTL Management LLC v. Dr. Jacqueline Miriam Moline*
            Case No. 3:23-cv-02990-GC-JTQ

Dear Judge Castner:

      We represent Dr. Moline in this matter, and write in response to the improper sur-reply (the Sur-Reply) Pecos River filed today. (ECF No. 54.)

      As a threshold matter, Pecos River filed the Sur-Reply in direct violation of Local Civ. R. 7.1(d)(6). Under that rule, no sur-replies may be filed without the Court's permission. In its November 6, 2025 Order (ECF No. 51), the Court authorized Pecos River to file a reply brief in further support of its motion to re-open. That was the last submission the Court authorized on this motion. In keeping with that Order, Pecos River filed its reply brief on December 4, 2025. (ECF No. 53.) It neither secured nor sought the Court's permission before augmenting its reply brief with the Sur-Reply. The Court should disregard the Sur-Reply on that basis alone. *See, e.g.*, *Rivieccio v. Ryobi Techs., Inc.*, No. 21-cv-14208, 2025 U.S. Dist. LEXIS 214936, at *1 n.2 (D.N.J. Dec. 23, 2025) (refusing to consider unauthorized sur-reply, particularly when the filing party failed to "offer any reason why he should be permitted to file a sur-reply"); *Amj Cap. Oz Fund I LLC v. MZF Tr.*, No. 25-cv-1397, 2025 U.S. Dist. LEXIS 177139, at *10 n.7 (D.N.J. Sept. 10, 2025) ("Defendants failed to ask for, much less received, permission to file a sur-reply prior to its filing. Accordingly, the Court grants Plaintiffs' request to strike Defendants' sur-reply and does not consider the arguments therein."); *Ojelade v. Ocwen Fin. Corp.*, No. 25-cv-1111, 2025 U.S. Dist. LEXIS 124209, at *5 n.4 (D.N.J. June 30, 2025) (refusing to consider unauthorized sur-reply).

      But there is more. In addition to being unauthorized, the Sur-Reply relies on what Pecos River terms "newly-discovered evidence"—the updated key to Dr. Moline's Articles—that is not newly discovered at all. Pecos River secured that document on November 25, 2025, more than a week before it filed its reply brief. (*See* Pecos River 12/23/25 Letter at Ex. A.) Moreover, Pecos River obtained the original key identifying Dr. Moline's research subjects months ago; on April 29, 2025, it represented that the Key contained "the identities of the individuals in Dr. Moline's 2020 and 2023 papers." (Certification of Peter Harvey, dated April 29, 2025 (ECF No. 47-3) ¶ 3;

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Georgette Castner, U.S.D.J.
December 23, 2025 – Page 2

*see also id.* Ex. 2, Proposed Amended Complaint (ECF No. 47-5) ¶ 260 ("The Key Pecos River obtained also identifies the individuals in the Moline 2023 Article.").) Based on that information, Pecos River's proposed Amended Complaint alleged that the same four individuals identified in its sur-reply—Ricardo Rimondi, Rafaella Marisco, Santa Rea, and Christina Lopez—were improperly listed in the 2023 Article as having no exposure to asbestos other than through their use of cosmetic talc. (*See id.* ¶¶ 254-290.)

Finally, beyond being filed without leave of court and containing evidence Pecos River had in its possession when it filed its reply brief, the Sur-Reply is substantively unavailing. Dr. Moline has already explained why the allegations reiterated in the Sur-Reply fail to justify the extraordinary relief of reopening a judgment. (*See* Moline Opp. (ECF No. 48) at 10, 13-14 (noting that the Court had already considered and properly rejected the same allegations as to Mr. Rimondi when granting Dr. Moline's motion to dismiss); *id.* at 17-18 & n.8 (demonstrating that Pecos River submitted no evidence whatsoever to support its proposed new allegations as to Ms. Marisco, Ms. Rea, and Ms. Lopez, and that the proposed allegations in all events sought to challenge protected scientific opinions by criticizing Dr. Moline for failing to draw different inferences or examine other data sources).) Nothing in the Sur-Reply addresses those fatal deficiencies.

For all of these reasons, the Court should disregard the Sur-Reply. Thank you for your consideration of this submission.

Respectfully submitted,

Kevin H. Marino

cc: All counsel of record (via ECF)