| | |
|---|---|
| PECOS RIVER TALC LLC,<br>Plaintiff,<br>v.<br>DR. JACQUELINE MIRIAM MOLINE,<br>Defendant. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Civil Action No. 3:23-cv-02990-GC-JTQ** |
| DR. JACQUELINE MIRIAM MOLINE,<br>Counterclaim-Plaintiff,<br>v.<br>PECOS RIVER TALC LLC, JOHNSON & JOHNSON HOLDCO (NA) INC., and JOHNSON & JOHNSON,<br>Counterclaim-Defendants. | **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 1, 2026; and the Court having conferred with counsel; and good cause appearing for the entry of this Order:

**IT IS on this 13TH day of October, 2026**

**ORDERED THAT:**

## I. DISCLOSURES

1. The initial disclosures required by Fed. R. Civ. P. 26 must be served by June 2, 2026.

2. If appropriate, counsel must file the disclosure of third-party litigation funding required by L. Civ. R. 7.1.1 **no later than November 2, 2026**.

3. If appropriate, Counsel must conduct the e-discovery conference required by Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1(d) **no later than July 29, 2026**.

## II. DISCOVERY CONFIDENTIALITY ORDERS

4. Any proposed confidentiality order agreed to by the parties must comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

5. The parties shall have until **November 2, 2026** to meet and confer to see if there can be agreement on a Discovery Confidentiality Order. Any disputes related to this Order shall be raised with the Court by **November 16, 2026**.

## III. DISCOVERY

6. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

7. The parties' initial written discovery requests must be served **by June 2, 2026**.

8. The court grants leave for the parties to serve **thirty-five (35) single interrogatories (including all sub-parts)**. The parties are limited to **fifteen (15) depositions** per side.

9. No objections to questions posed at depositions shall be made other than as to form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

10. Any motion to amend the pleadings or to join new parties, whether by amended or third-party complaint, must be filed **by 60 days prior** to the end date for fact discovery.

11. All fact discovery, including any third-party depositions, is to be complete **by June 2, 2027**. No discovery is to be issued or conducted after this date.

12. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

13. Dispositive motions, if any, shall be filed **by January 14, 2028**.

14. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L. Civ. R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly, in compliance with paragraph 6 of Magistrate Judge Quinn's Case Management Order, which is available on the District Court's Website. (*See* JTQPreferencesCaseManagementOrder.pdf (uscourts.gov)).

15. By **October 16, 2026**, Defendant shall serve Plaintiff with correspondence, outlining the specific discovery responses Defendant deems deficient. The Parties shall have until **October 30, 2026** to meet and confer to resolve the alleged deficiencies. To the extent the disputes cannot be resolved, the Parties promptly shall file a letter proposing a briefing schedule for a motion to compel.

16. No motion, including discovery motions, shall be made without prior leave of Court.

## IV. EXPERTS

17. All affirmative expert disclosures and reports (liability and damages) must be served **by July 2, 2027**. All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

18. All responding expert disclosures and reports must be served **by August 3, 2027**. All such reports shall be in the form and content as described above.

19. All expert depositions are to be concluded **by September 3, 2027**.

20. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## V. FUTURE CONFERENCES

21. The Court will conduct a telephone status conference **on January 19, 2027 at 12:00PM**; Counsel for Plaintiff is directed to initiate the call to (609) 989-2144. The parties are directed to submit a joint status letter three (3) days prior to the conference.

22. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

23. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

24. Counsel should be prepared to discuss settlement at every conference with the Court. Lead trial counsel and client(s) with full settlement authority are required to appear at any settlement conference conducted by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

25. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

s/JUSTIN T. QUINN
**HON. JUSTIN T. QUINN**
**United States Magistrate Judge**